IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
|  | ) |
| MATHU RAJAN, | ) CASE No. 25-10356 **(DJB)** |
|  | ) |
| DEBTOR. | |

**OPPOSITION TO MOTION FOR ORDER CONFIRMING TERMINATION OF AUTOMATIC STAY UNDER 11 U.S.C. § 362(j)**

**NOW COMES**, the Debtor, Mathu Rajan, by and through undersigned counsel, and hereby moves this Honorable Court for an Order extending the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B), and respectfully represents as follows:

**1. Background**

The Debtor filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on January 28, 2025. The automatic stay, pursuant to 11 U.S.C. § 362(a), immediately protected the Debtor from collection actions, foreclosure proceedings, and other actions against their property. Movant, Mark Bunce, is an alleged creditor of Debtor's company Visual Technology Innovations, Inc.("**VTI**") as he provided VTI investment debt which allegedly was not repaid. Movant sued Debtor in addition to VTI to seek repayment of investment monies and other alleged damages.

As VTI is a Nevada company, it filed for Bankruptcy restructuring in the United States Bankruptcy Court for the District of Nevada at number 25-10024-abl. ("**VTI Bankruptcy**"). As VTI's Bankruptcy estate has a claim pending for over $30,000,000 dollars, Debtor expects Movant's claim to be fully resolved in the VTI proceeding with Debtor's assistance.

The Movant seeks confirmation of the termination of the automatic stay due to a purported violation of 11 U.S.C. § 362(c)(3), which provides for the automatic termination of the stay thirty (30) days after filing if the Debtor had a prior bankruptcy case dismissed within the last year. The Movant claims that the Debtor's stay automatically terminated as a result of an alleged technical violation. However, the Debtor submits that this motion is based on a misunderstanding of the circumstances and the law, and the Debtor's failure to meet certain filing requirements was due to health-related issues and inadvertence.

**2. Response to Motion**

    1.    ADMITTED.

    2.    ADMITTED.

    3.    ADMITTED. By way of explanation, Debtor was unable to get documents in time to complete the schedules. By the time the schedules were completely filed, the thirty (30) day period had already elapsed. Further, Debtor relied on In re Williams which keeps the automatic stay in place with respect to property of the estate.

    4.    DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at the time of hearing if deemed relevant. By way of further response, In re Williams, 346 B.R. 361, a Judge Fox decision in 2006, held that in a second filing, where a Motion to Extend the Stay has not been filed, the automatic stay remains in place with respect to property of the estate. Further, In re Williams provides that "when a portion of the bankruptcy stay under Section 362(a) has been terminated by virtue of Section 362(c)(3), the Debtor may seek to enjoin creditors by

virtue of Section 105(a)." A motion to reimpose the stay is being filed under a separate docket number for this purpose.

### 3. Debtor's Health Condition and Impact on Filing

The Debtor is currently undergoing treatment for cancer, which has severely affected his ability to manage his personal and financial affairs. The medical doctors at the University of Pennsylvania Hospital in Philadelphia, PA have informed Debtor he must undergo a bone marrow transplant imminently though he is undergoing chemotherapy and infusions. As a consequence, Debtor's counsel was unable to communicate with Debtor to timely file certain schedules and forms necessary to trigger full case administration, as his illness impaired his ability to focus on legal obligations. Debtor was not even aware of the filing deadlines and corrected the inadvertence the very next day.

The Court dismissal of the earlier filing was worded as:

> **Docket Text:**
>
> Order: It is ORDERED that since the debtor (s) have **failed to timely file the documents** required by the order dated January 7, 2025, this case is hereby DISMISSED (S., Antoinette) (*emphasis added*)

This delay in filing was not due to any bad faith or intentional failure to comply with the Bankruptcy Code; rather, it was the result of circumstances beyond the Debtor's control. The Debtor's health condition has made it extraordinarily difficult for him to keep up with the required documentation and deadlines. **See attached Declaration of Debtor.**

**4. Inadvertent Failure to File Documents**

The Debtor acknowledges that certain documents were inadvertently missed during the filing process. This inadvertence was not the result of neglect but was a direct consequence of the Debtor's serious illness and the associated treatment regimen. The Debtor is fully committed to complying with all bankruptcy requirements and has acted in good faith throughout the case. The Debtor's counsel has been in communication with the Debtor regarding these missed filings and is working diligently to correct the record and bring all filings up to date.

It is important to note that the Debtor has taken steps to remedy this situation. The Debtor has already submitted the necessary filings and will supplement any additional documents as soon as possible. The Debtor respectfully requests the Court's understanding of the extraordinary circumstances surrounding this case.

**5. No Prejudice to Movant**

Granting the Debtor's request to maintain the automatic stay would not result in any undue prejudice to the Movant. The Debtor is actively working to resolve any outstanding issues and intends to continue with their bankruptcy proceedings in good faith. Allowing the stay to remain in effect will provide the Debtor with the necessary time to reorganize his financial affairs and complete the required filings. The Debtor is working with VTI to resolve Movant's alleged claim against him and VTI.  Movant has filed a "Proof of Claim" in Nevada in the VTI Bankruptcy as well as in Debtor's current case.  The Movant will not be unduly harmed by the continuation of the stay, especially given the circumstances of the Debtor's illness and Movant's filing of Proof of Claims in the Nevada and Pennsylvania Bankruptcy Courts.

**6. Equity and Compassionate Relief**

In light of the Debtor's serious health condition and the inadvertent nature of the missed filings, the Debtor respectfully requests that the Court exercise its discretion and grant compassionate relief by allowing the automatic stay to remain in effect. Courts have the authority to provide equitable relief in cases where the debtor's actions were not willful or in bad faith. The Court has equitable authority under 11 U.S.C. § 105(a).  The Debtor's failure to meet certain deadlines was not intentional, and the Debtor is actively working to resolve all issues.

Furthermore, allowing the stay to remain in place will provide the Debtor with the opportunity to continue his treatment and focus on recovery while preserving the protections afforded under the Bankruptcy Code.

**7. Conclusion**

For the reasons set forth above, the Debtor respectfully requests that this Court deny the Motion for Order Confirming Termination of the Automatic Stay under 11 U.S.C. § 362(j). The Debtor's health condition and inadvertent failure to file certain documents justify the continuation of the automatic stay, and the Debtor is diligently working to resolve the issue and comply with all applicable bankruptcy requirements.

The Debtor further requests that the Court grant such other relief as it deems just and proper, including maintaining the automatic stay in effect and setting a hearing to address any remaining concerns.

**WHEREFORE**, the Debtor respectfully requests that this Court:

1. Deny the Motion for Order Confirming Termination of Automatic Stay under 11 U.S.C. § 362(j);

2. Maintain the automatic stay in full force and effect;

3. Allow the Debtor additional time to submit any outstanding documents;

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Michael Schwartz, Esquire                                Dated: April 10, 2025
**Law Office of Michael Schwartz**
215-396-7900
www.bankruptcysupportservices.com

Southampton Office
707 Lakeside Park
Southampton PA 18966

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MATHU RAJAN, | ) | CASE No. 25-10356 **(DJB)** |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

---

### DECLARATION OF DEBTOR IN SUPPORT OF OPPOSITION TO MOTION FOR ORDER CONFIRMING TERMINATION OF AUTOMATIC STAY

I, Mathu Rajan, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Debtor in the above-captioned Chapter 13 bankruptcy case. I make this declaration in support of my **Opposition** To Motion for Order Confirming Termination of Automatic Stay.

2. I filed this case on January 28, 2025. I had a prior bankruptcy case that was dismissed within the past year, which means the automatic stay would ordinarily terminate thirty (30) days after the new filing unless extended by Court order.

3. At the time of and following my filing, I have been dealing with a serious medical condition. I have been diagnosed with a type of leukemia, and I am currently undergoing ongoing treatment, including chemotherapy and infusions. My doctors at the University of Pennsylvania Hospital are planning an imminent bone marrow transplant. The bone marrow transplant has been delayed due to my health condition.

4. My illness and treatment have significantly affected my physical and emotional ability to manage my personal affairs. Due to the side effects and frequent medical appointments, I inadvertently failed to file certain documents and did not realize that I needed to file a motion to extend the stay within thirty (30) days of filing.

5. I did not even know the deadlines for those filings.

6. My failure to file timely was **not intentional** nor done in bad faith. I was overwhelmed by my health situation and mistakenly believed everything was proceeding properly.

7. I have now taken steps to correct the situation, including working with my attorney to file the necessary documents and this motion seeking an extension or reinstatement of the automatic stay.

8. I am filing this case in **good faith** and intend to comply with all requirements of the Bankruptcy Code. I am committed to completing my plan and using this opportunity to stabilize my finances and preserve my home and access to health care.

9. I respectfully ask the Court to reinstate or extend the automatic stay, so that I can continue this case and receive the protections afforded to me under the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on: April 10, 2025
Philadelphia PA

_____
**Mathu Rajan**
Debtor