IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| MATHU RAJAN, | ) CASE No. 25-10356 **(DJB)** |
| DEBTOR | ) |

**EXPEDITED MOTION TO REIMPOSE AUTOMATIC STAY NUNC PRO TUNC PURSUANT TO 11 U.S.C. §§ 362(c)(3)(B), 105(a)**

---

If the Court grants Mark Bunce's Motion Confirming that the Automatic Stay has been Terminated**, NOW COMES**, the Debtor, Mathu Rajan, by and through undersigned counsel, and hereby moves this Honorable Court for an Order reimposing the automatic stay **nunc pro tunc**, and in support thereof states as follows:

**I. BACKGROUND**

1. Debtor filed this Chapter 13 bankruptcy petition on January 28, 2025.

2. Debtor had one prior bankruptcy case (Case No. 25-10042) dismissed within one year of the current filing. This case was dismissed for failure to file documents.

3. Under 11 U.S.C. § 362(c)(3)(A), the automatic stay presumptively terminates thirty (30) days after the petition date unless extended by timely motion under subsection (B).

4. Unfortunately, due to Debtor's severe health condition (diagnosed cancer requiring active treatment including chemotherapy and transfusions, a bone marrow transplant is being scheduled imminently as a consequence), Debtor's counsel was unable to communicate with Debtor to

timely file a motion to extend the stay. Debtor respectfully asks the Court to review the attached Declaration of Debtor.

5. Debtor and Debtor's counsel also inadvertently failed to file certain schedules and forms necessary to trigger full case administration, as his illness impaired his ability to focus on legal obligations until after the thirty (30) day period.

6. All required schedules and documents were filed after the thirty (30) day period.

7. *In re Williams*, 346 B.R. 361, holds that in these cases, the automatic stay remains in effect with respect to property of the estate.

8. The primary creditor Mark Bunce has a pending lawsuit against Debtor which forced this Bankruptcy filing, and he has been provided a medical release under the Health Insurance Portability and Accountability Act("**HIPPA**") to verify Debtor's medical condition.

9. This personal bankruptcy filing was caused by a litigant Mark Bunce, who seeks to collect from Debtor for loans he advanced to Visual Technology Innovations, Inc.("**VTI**") and sued Debtor as an executive of VTI.

10. VTI has a Bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Nevada at No. 25-10024-abl. ("**VTI Bankruptcy**")

11. Debtor expects that the alleged claim of Mark Bunce will be resolved through the VTI Bankruptcy. The plan in the VTI Bankruptcy is expected to pay Mark Bunce the full amount of his damages.

12. VTI's Bankruptcy estate has a claim pending for over $30,000,000 dollars in Nevada Federal District Court at No. 2:24-cv-00728-ART-EJY, which can then be used to pay the Mark Bunce claim in the Chapter 11 case.

II. ARGUMENT

A. The Court Has Equitable Authority to Reinstate the Stay Under 11 U.S.C. § 105(a)

13. Although § 362(c)(3)(B) imposes a 30-day limit, courts have recognized the inherent equitable powers of the bankruptcy court under 11 U.S.C. § 105(a) to grant nunc pro tunc relief where appropriate. In re Williams, 346 B.R. 361.

14. In *In re Curry*, 362 B.R. 394 (Bankr. N.D. Ill. 2007) Debtor's failure to timely file a motion under § 362(c)(3)(B) did not deprive the court of authority to retroactively reinstate the stay where justified by extraordinary circumstances.

15. Although Court have used the rationale for granting an injunction, the Courts have used it equitable powers when the delay was attributable to understandable causes, not bad faith or abuse of process.

16. The VTI Bankruptcy has a claim in its estate for over $30,000,000 which is far more than the alleged debt of Mark Bunce who is the primary creditor in the VTI Bankruptcy and this Bankruptcy.

17. In *Otero Mills, Inc. v. Security Bank & Trust (In re Otero Mills, Inc.),* 21 B.R. 777 (Bankr.D.N.M.1982), *aff'd,* 25 B.R. 1018 (D.N.M.1982) the Court enjoined indefinitely a creditor's actions against the debtor's president and shareholder who guaranteed the debtor's obligation.

18. In *In re Arrow Huss, Inc.,* 51 B.R. 853 (Bankr.D.Utah 1985) the Court granted the debtor's unopposed request for a 45–day **stay** preventing credit card companies from pursuing several of the debtor's officers and employees to collect debts incurred by said officers and employees on behalf of the debtor and discussing prior cases on this issue.

19. In *A.H. Robins Co., Inc. v. Piccinin (In re A.H. Robins Co., Inc.),* 788 F.2d 994 (4th Cir.1986), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986) an appellate Court affirmed a district court order enjoining indefinitely product liability litigation against the debtor and co-defendants).

20. In this case, the Debtor has acted in good faith and is working actively with VTI in the VTI Bankruptcy to resolve creditors issues.

21. Debtor's failure here was not due to bad faith, fraud, or any manipulation of the system. To the contrary, Debtor has made good faith efforts to participate in the bankruptcy process but has been burdened with an aggressive and debilitating medical condition, making compliance extremely difficult.

22. Debtor's first case (Case No. 25-10042) was dismissed for failure to file documents. In the current case, all required documents have been filed.

**B. Creditors Are Not Prejudiced by Extending the Stay**

23. No creditor has taken adverse action during the lapse of the stay. The delay in filing this motion has not prejudiced any party-in-interest. Reinstating the stay would preserve the Debtor's opportunity to reorganize and maintain housing stability and access to medical care.

24. Mark Bunce's claim is scheduled to be handled by the VTI Bankruptcy.

25. Debtor's Chapter 13 Plan provides 100% to unsecured creditors. After review of the existing claims, it is anticipated that Objections to some claims will be filed.

26. Extending or reinstatement of the stay is consistent with the purpose of the Bankruptcy Code—to provide unfortunate debtors with a fresh start.

## III. CONCLUSION

Debtor respectfully submits that the failure to file a timely motion under § 362(c)(3)(B) was due to excusable neglect and extraordinary circumstances, including ongoing treatment for a life-threatening illness. The equities weigh strongly in favor of retroactively extending the automatic stay nunc pro tunc to the 30th day after the petition date and continuing it as to all creditors for the duration of the case.

WHEREFORE, Debtor respectfully requests that this Court:

1. GRANT this Motion;

2. EXTEND or REINSTATE the automatic stay nunc pro tunc to the thirtieth (30th) day after the petition date pursuant to 11 U.S.C. § 362(c)(3)(B) and/or the Court's equitable powers under 11 U.S.C. § 105(a);

3. ORDER that the automatic stay remain in full force and effect to all creditors unless otherwise modified by the Court; and

4. Grant such other and further relief as the Court deems just and proper.

**Dated:** April 11, 2025

Respectfully submitted,

  /s/ Michael Schwartz, Esquire
Michael Schwartz, Esquire
**Law office of Michael Schwartz**
215-396-7900
www.bankruptcysupportservices.com

Southampton Office
707 Lakeside Park
Southampton PA 18966

# IN THE UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| MATHU RAJAN, | ) CASE No. 25-10356 **(DJB)** |
| | ) |
| | ) |
| DEBTOR. | ) |

## DECLARATION OF DEBTOR IN SUPPORT OF EXPEDITED MOTION TO REIMPOSE AUTOMATIC STAY NUNC PRO TUNC

I, Mathu Rajan, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Debtor in the above-captioned Chapter 13 bankruptcy case. I make this declaration in support of my **Motion to Extend or Reinstate the Automatic Stay nunc pro tunc** pursuant to **11 U.S.C. §§ 362(c)(3)(B) and 105(a)**.

2. I filed this case on January 28, 2025. I had a prior bankruptcy case that was dismissed within the past year, which means the automatic stay would ordinarily terminate 30 days after the new filing unless extended by Court order.

3. At the time of and following my filing, I was dealing with a serious medical condition. I have been diagnosed with a type of leukemia, and I am currently undergoing ongoing treatment, including chemotherapy and infusions. My doctors are planning a bone marrow transplant imminently. The bone marrow transplant has been delayed due to my health conditions.

4. My illness and treatment have significantly affected my physical and emotional ability to manage my personal affairs. Due to the side effects and frequent medical appointments, I inadvertently failed to file certain documents and did not realize that I needed to file a motion to extend the stay within thirty (30) days of filing.

5. My failure to file the motion on time was **not intentional** or done in bad faith. I was overwhelmed by my health and mistakenly believed everything was proceeding properly.

6. I have now taken steps to correct the situation, including working with my attorney to file the necessary documents and this motion seeking an extension or reinstatement of the automatic stay.

7. I am filing this case in **good faith** and intend to comply with all requirements of the Bankruptcy Code. I am committed to completing my plan and using this opportunity to stabilize my finances and preserve my home and access to health care.

8. I respectfully ask the Court to reinstate or extend the automatic stay, so that I can continue this case and receive the protections afforded to me under the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on: April 11, 2025
Philadelphia PA

_____
**Mathu Rajan**
Debtor