**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In Re:

| | | |
|---|---|---|
| Mathu Rajan, | : | Chapter 13 |
| | : | |
| Debtor | : | Case No. 25-10356-DJB |
| | : | Hearing Date: May 15, 2025 at 11:00 AM |
| | : | |

## <u>MOTION TO DISMISS CHAPTER 13 CASE</u>
## <u>PURUSANT TO 11 U.S. C. 109(e )</u>

Kenneth E. West, Esquire, Chapter 13 Standing Trustee, (hereinafter "Trustee"), by and through his attorney, respectfully requests that this Honorable Court dismiss this Chapter 13 Case for the following reasons:

1.      On January 28, 2025, the Debtor filed the instant Chapter 13 case.

2.      At all times relevant, pursuant to 11 U.S.C. § 109(e), an individual qualifies for Chapter 13 relief only if his debts do not exceed a certain sum at the time of filing: Only an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated debts of less than $2,750,000.00 may be a debtor under chapter 13.

4.      Liquidated debts that are disputed are included in the determination of the debt limit.  See <u>In re Saunders</u>, 440 B.R. 336 (Bankr.E.D. Pa. 2006); <u>Mazzeo v. United States (In re Mazzeo)</u>, 131 F.3d 295, 303-05 (2nd Cir. 1997); <u>United States v. Verdunn</u>, 89 F.3d 799, 802 n. 9 (11th Cir. 1996); <u>Barcal v. Laughlin (In re Barcal)</u>, 213 B.R. 1008, 1012 (8th Cir. B.A.P. 1997); <u>Gaertner v. McGarry (In re McGarry)</u>, 230 B.R. 272, 275 (Bankr.W.D. Pa. 1999); <u>In re Pennypacker</u>, 115 B.R. 504, 505 (E.D. Pa. 1990).

7.       A noncontingent debt is one where "all events giving rise to the liability for the debt occurred prior to the debtor's filing for bankruptcy." <u>In re Weiss</u> ,251 B.R. 453, 465 (Bankr.E.D.Pa. 2000)(quoting <u>In re Fostvedt</u>, 823 F.2d 305, 306 (9th Cir.1987)) (quoting <u>In re Mazzeo</u>, 131 F.3d

295, 303 (2d Cir.1997)). A debt is liquidated if "the value of the claim is easily ascertainable."

Id.

8.    The concept of a liquidated debt relates to the amount of the debt, not to the existence of

liability. Verdunn, 89 F.3d at 802. That a dispute might exist about the underlying liability or the

amount of the debt does not render the debt contingent or unliquidated. Id. at 802, n. 9. Rather, a

debt is liquidated if the amount due can be determined with sufficient precision. Typically, debts

of a contractual nature are liquidated, even if they are disputed. Pennypacker, 115 B.R. at 505.

9.    As noted by the district court in In re Sullivan, 245 B.R. 416, 418 (N.D. Fla. 1999), the

eligibility requirements of § 109(e) are based on what a debtor owes on the filing date, not what

the debtor may think he owes. Courts specifically look at proofs of claim as well as a debtor's

schedules to determine chapter 13 eligibility. See Verdun, *supra* (proof of claim reviewed to

determine total unsecured claims**); In re Gipson**, 2017 Bankr. Lexis 1273 (Bankr.E.D. Pa.

2017)(per Coleman, J.)

10.    For the purpose of determining eligibility for a Chapter 13, the amount of debt should not be

reduced by the value of any potential counterclaim asserted by the debtor. Sylvester v. Dow

Jones & Co. (In re Sylvester),19 B.R. 671, 673 (9th Cir. BAP 1982). See also Quintana v.

Comm'r (In re Quintana), 915 F.2d 513, 517 (9th Cir. 1990) (holding that debtors may not use a

counterclaim to set off the amount of a debt for Chapter 12 eligibility purposes).

11.    To date, the claims register reflects Debtor has unsecured debts in the amount of $9,912,538.55.

See the Claims Register attached hereto as Exhibit "A".

12.    Because the total amount of the Debtor's liquidated non-contingent debts exceed the debt limits

allowed to be eligible to be in a Chapter 13 case this case should be dismissed.  11 U.S.C. §109(e).

See also In re Wilkins, 564 B.R. 268 (Bankr.M.D. Pa. 2017)(case converted because debtor over

the debt limit)  In re Saunders, 440 B.R. 336 (Bankr.E.D. Pa. 2006)(debtors do not qualify for

Chapter 13 bankruptcy because they are over the debt limit).

**WHEREFORE**, the Chapter 13 Trustee respectfully requests this Honorable Court dismiss the

Debtor's Chapter 13 case.

Respectfully submitted:

Date:    April 14, 2025

*/s/LeeAne O. Huggins*
 LeeAne O. Huggins, Esquire
 Kenneth E. West, Esquire.
 Standing Chapter 13 Trustee
 190 N. Independence Mall West
 Philadelphia, PA 19106
 Telephone: (215) 627-1373