**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| In Re: | | | |
| | Mathu Rajan, | : | Chapter 13 |
| | | : | |
| | Debtor | : | Case No. 25-10356-DJB |
| | | : | Hearing Date: May 15, 2025 at 11:00 AM |
| | | : | |

**AMENDED MOTION TO DISMISS CHAPTER 13 CASE**
**PURUSANT TO 11 U.S. C. 109(e )**

Kenneth E. West, Esquire, Chapter 13 Standing Trustee, (hereinafter "Trustee"), by and through his attorney, respectfully requests that this Honorable Court dismiss this Chapter 13 Case for the following reasons:

1. On January 28, 2025, the Debtor filed the instant Chapter 13 case.

2. At all times relevant, pursuant to 11 U.S.C. § 109(e), an individual qualifies for Chapter 13 relief only if his debts do not exceed a certain sum at the time of filing: Only an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated debts of less than $465,275.00 may be a debtor under chapter 13.

4. Liquidated debts that are disputed are included in the determination of the debt limit. See In re Saunders, 440 B.R. 336 (Bankr.E.D. Pa. 2006); Mazzeo v. United States (In re Mazzeo), 131 F.3d 295, 303-05 (2nd Cir. 1997); United States v. Verdunn, 89 F.3d 799, 802 n. 9 (11th Cir. 1996); Barcal v. Laughlin (In re Barcal), 213 B.R. 1008, 1012 (8th Cir. B.A.P. 1997); Gaertner v. McGarry (In re McGarry), 230 B.R. 272, 275 (Bankr.W.D. Pa. 1999); In re Pennypacker, 115 B.R. 504, 505 (E.D. Pa. 1990).

7. A noncontingent debt is one where "all events giving rise to the liability for the debt occurred prior to the debtor's filing for bankruptcy." In re Weiss ,251 B.R. 453, 465 (Bankr.E.D.Pa. 2000)(quoting In re Fostvedt, 823 F.2d 305, 306 (9th Cir.1987)) (quoting In re Mazzeo, 131 F.3d

295, 303 (2d Cir.1997)). A debt is liquidated if "the value of the claim is easily ascertainable." Id.

8. The concept of a liquidated debt relates to the amount of the debt, not to the existence of liability. <u>Verdunn</u>, 89 F.3d at 802. That a dispute might exist about the underlying liability or the amount of the debt does not render the debt contingent or unliquidated. <u>Id</u>. at 802, n. 9. Rather, a debt is liquidated if the amount due can be determined with sufficient precision. Typically, debts of a contractual nature are liquidated, even if they are disputed. <u>Pennypacker</u>, 115 B.R. at 505.

9. As noted by the district court in <u>In re Sullivan</u>, 245 B.R. 416, 418 (N.D. Fla. 1999), the eligibility requirements of § 109(e) are based on what a debtor owes on the filing date, not what the debtor may think he owes. Courts specifically look at proofs of claim as well as a debtor's schedules to determine chapter 13 eligibility. See <u>Verdun</u>, *supra* (proof of claim reviewed to determine total unsecured claims); <u>In re Gipson</u>, 2017 Bankr. Lexis 1273 (Bankr.E.D. Pa. 2017)(per Coleman, J.)

10. For the purpose of determining eligibility for a Chapter 13, the amount of debt should not be reduced by the value of any potential counterclaim asserted by the debtor. <u>Sylvester v. Dow Jones & Co. (In re Sylvester)</u>,19 B.R. 671, 673 (9th Cir. BAP 1982). See also <u>Quintana v. Comm'r (In re Quintana)</u>, 915 F.2d 513, 517 (9th Cir. 1990) (holding that debtors may not use a counterclaim to set off the amount of a debt for Chapter 12 eligibility purposes).

11. To date, the claims register reflects Debtor has unsecured debts in the amount of $9,912,538.55. See the Claims Register attached hereto as Exhibit "A".

12. Because the total amount of the Debtor's liquidated non-contingent debts exceed the debt limits allowed to be eligible to be in a Chapter 13 case this case should be dismissed. 11 U.S.C. §109(e). See also <u>In re Wilkins</u>, 564 B.R. 268 (Bankr.M.D. Pa. 2017)(case converted because debtor over the debt limit) <u>In re Saunders</u>, 440 B.R. 336 (Bankr.E.D. Pa. 2006)(debtors do not qualify for Chapter 13 bankruptcy because they are over the debt limit).

**WHEREFORE**, the Chapter 13 Trustee respectfully requests this Honorable Court dismiss the Debtor's Chapter 13 case.

                                                Respectfully submitted:

Date:   April 15, 2025                      */s/LeeAne O. Huggins*
                                                LeeAne O. Huggins, Esquire
                                                Kenneth E. West, Esquire.
                                                Standing Chapter 13 Trustee
                                                190 N. Independence Mall West
                                                Philadelphia, PA 19106
                                                Telephone: (215) 627-1373