## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MATHU RAJAN, | ) | CASE NO. 25-10356 (DJB) |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

## OBJECTION TO CONFIRMATION

Mark L. Bunce, a/k/a Mark Leonard Bunce ("Movant"), hereby objects to confirmation of the Chapter 13 Plan (Doc 19) pursuant to 11 U.S.C. § 1325, and shows the Court as follows:

1.  In 2021, Movant was fraudulently induced into loaning more than $1,000,000 to Visual Technology, Inc. ("VTI"), an alter ego of Debtor, Mathu Rajan ("Debtor"), which funds were misappropriated by Debtor.

2.  After numerous misrepresentations and unfulfilled promises by Debtor and his agents over the course of two years, Movant had no option but to file a lawsuit, and the parties have been in litigation in the U.S. District Court for the Eastern District of Pennsylvania, Case No. 2:23-cv-01740, since May 2023.[1]

3.  Debtor filed his first Chapter 13 case (Case No. 25-10042-amc) on January 6, 2025, as a litigation tactic approximately twenty-four (24) hours before a scheduled hearing on Movant's motion for summary judgment in the district court case, solely to avoid an adverse ruling.

4.  About twenty (20) minutes before the Debtor filed his first Chapter 13 case, he also caused VTI, an affiliate entity, to file a Chapter 11 case in the U.S. Bankruptcy Court for the District of Nevada, which case was assigned Case No. 25-10024-abl.

5.  The VTI Statement of Financial Affairs, No. 28, reflects that Debtor owns 100% of issued shares, and that he is the President, Secretary, Treasurer, and Director of VTI. The VTI case is pending, and Movant has filed a motion to transfer venue to the Eastern District of Pennsylvania, or, in the alternative, to dismiss. The motion to transfer or dismiss is scheduled for a hearing on May 21, 2025.

6.  Debtor's first Chapter 13 case was dismissed on January 27, 2025, due to Debtor's failure to timely file papers required by the court.

---

[1] Nothing in this objection and motion waives, releases, or impairs any claim or rights of Movant, all of which claims and rights are expressly reserved and preserved, including, without limitation, the claims asserted in the U.S. District Court for the Eastern District of Pennsylvania, Case No. No. 2:23-cv-01740.

7. Debtor filed this Chapter 13 case on January 28, 2025, without a statement of financial affairs, without schedules, and without other documents required under Fed. R. Bankr. P. 1007.

8. Upon information and belief, there was no change in Debtor's circumstances between the filing of this case and the first Chapter 13 case.

9. After twice seeking and obtaining an extension of time to file the requisite papers, on March 7, 2025, Debtor filed schedules and statement of financial affairs (Doc 18), and a Chapter 13 plan (Doc 19).

10. In Schedule B, Debtor fails to value shares in certain companies and fails to disclose his percentage ownership in certain companies. (*See* Doc 18, p. 5 of 33).

11. In Schedule F, No. 4.4, Debtor indicates with respect to Movant's claim it is "expected that this claim will be paid through ch11 case (VTI) in NV." (*See* Doc 18, p. 13 of 33). As VTI has no operations, no employees, and no income, and its supposed assets have little or no realizable value, any proposal to pay Movant's claim through the VTI case is infeasible and not in good faith.

12. While the Debtor claims to be self-employed, Debtor's fails to reflect any allocation for taxes in Schedules I & J. (See Doc 18, pp. 18,19 & 20 of 33).

13. As Debtor never sought, nor obtained an order extending the stay as required under 11 U.S.C. § 362(c)((3)(B), on March 27, 2025, Movant filed a Motion under 11 U.S.C. § 362(j) for Order Confirming the Termination of the Automatic Stay (Doc 26). Movant's § 362(j) motion is scheduled for a hearing on April 24, 2025, at 11:00 A.M.

14. On April 3, 2025, Movant filed a proof of claim in the amount of $6,878,435.96. (See Claim 3-2).

15. In response to Movant's § 362(j) motion, on April 11, 2025, Debtor filed an Opposition to Motion under 11 U.S.C. § 362(j) (Doc 33), and an expedited Motion to Reimpose the Automatic Stay (Doc 35). The Motion to Reimpose is also scheduled for a hearing on April 4, 2025, at 11:00 A.M.

16. According to docket entry 32, the meeting of creditors hearing cannot be held because Debtor has failed to provide (i) tax returns, (ii) business questionnaire, (iii) social security card, and (iv) a driver's license. As such, Debtor is willfully failing to prosecute this case, and confirmation should be denied.

17. On April 14, 2025, the Chapter 13 Trustee file one motion to dismiss this case under 11 U.S.C. § 109(e), and another motion to dismiss due to Debtor's unreasonable delay under 11 U.S.C. § 1307(c)(1), Debtor's failure to make payment(s) as required under 11 U.S.C. § 1326, and Debtor's failure to provide documents and information required under 11 U.S.C. § 521(e)(2).

18. Movant intends to file a motion to dismiss this case and intends to request that the Court entered an order dismissing this case with prejudice and barring the Debtor from refiling a case under Title 11 U.S.C. for not less than one (1) year, or that this case be converted to Chapter 7 of Title 11 U.S.C.

19. Debtor's plan has not been proposed in good faith and confirmation should be denied under 11 U.S.C. § 1325(a)(3). "Once a party [to a bankruptcy] calls into question a petitioner's good faith, the burden shifts to the petitioner to prove his good faith." *In re Tamecki*, 229 F.3d 205, 207 (3d Cir.2000). "The Bankruptcy Court looks to the totality of the circumstances to determine bad faith, and may consider a wide range of factors, including, 'the nature of the debt ...; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.' " *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007) (*quoting In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996)).

20. To the extent Debtor has failed to deliver all payments due to the Chapter 13 Trustee, Debtor is willfully failing to prosecute this case, and confirmation should be denied.

21. By failing to deliver requisite financial documents and information to the Chapter 13 Trustee, Debtor has caused unreasonable delay that is prejudicial to creditors, and Debtor is willfully failing to prosecute this case, and confirmation should be denied.

22. The Chapter 13 plan fails to provide for payment of Movant's claim, and confirmation should be denied under 11 U.S.C. §§ 1325(a)(4) and (b).

23. Upon information and belief, the plan is infeasible and should not be confirmed under 11 U.S.C. § 1325(a)(6).

24. Upon information and belief, Debtor has failed to file all applicable tax returns, and confirmation should be denied under 11 U.S.C. § 1325(a)(9).

25. Debtor is not eligible for Chapter 13 under 11 U.S.C. § 109(e).

26. Movant reserves all rights to amend or supplement this objection.

WHEREFORE, Movant respectfully requests that the Court deny confirmation, and that further relief be granted at the hearings scheduled (or to be scheduled) for May 15, 2025, including, dismissal or this case with prejudice, whereby Debtor would be barred from refiling a case under Title 11 U.S.C. for one year, or conversion of this case to one under Chapter 7 of Title 11 U.S.C. Movant further requests such other and further relief as is just and equitable.

Respectfully submitted this 17th day of April, 2025.

**SMITH KANE HOLMAN, LLC**

*/s/ Nicholas M. Engel*
Nicholas M. Engel, Esquire
112 Moores Mill Road, Suite 300
Malvern, PA 19355
Telephone:  (610) 407-7215
Facsimile:  (610) 407-7218

*Co-Counsel for Movant Mark L. Bunce*

AND

**MILLER & MARTIN PLLC**

*/s/ Paul M. Alexander*
Paul M. Alexander, *admitted pro hac vice*
Paul.Alexander@millermartin.com
Georgia Bar No. 009003
Michael P. Kohler, admitted *pro hac vice*
Michael.Kohler@millermartin.com Georgia Bar No. 427727
Regions Plaza, Suite 2100\
1180 West Peachtree Street N.W.
Atlanta, Georgia 30309-3407
(404) 962-6100
(404) 962-6300 (Facsimile)

*Co-Counsel for Movant Mark L. Bunce*