IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MATHU RAJAN,<br><br>Debtor. | CHAPTER 13<br><br>BANKRUPTCY NO. 25-10356-DJB<br><br>Hearing Date: April 24, 2025<br>Hearing Time: 9:30 a.m.<br>Hearing Place: Zoom |

### OBJECTION OF WILLIAM A. HOMONY
### TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

William A. Homony, in his capacity as Chapter 11 Trustee (the "Trustee") of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative"), by and through his undersigned counsel, hereby Objects to the Confirmation of the Chapter 13 Plan of Mathu Rajan (the "Debtor"), and in support thereof, states as follows:

**I.    PARTIES AND JURISDICTION**

1. On or about January 28, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq*. (the "Bankruptcy Code").

2. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 1325 and 1325, and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3015.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

**II.    BACKGROUND**

4. This is the Debtor's second bankruptcy filing in 2025.

5. On January 6, 2025, the Debtor filed a voluntary petition for relief under Chapter 13 of the of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy

Court"), Case No. 25-10042-AMC (the "First Bankruptcy").  The First Bankruptcy was dismissed on January 27, 2025, for failure to timely file required documents.

6. On January 28, 2025, just one day after the First Bankruptcy was dismissed, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, commencing the above-captioned bankruptcy case.

7. On or about March 7, 2025, the Debtor filed a Chapter 13 Plan (the "Plan") proposing to pay $765.00 per month for sixty (60) months, for a total of $45,900.00 over the life of the Plan.  A copy of the Plan is attached hereto as Exhibit "A" and incorporated herein.

8. On April 8, 2025, the Trustee, acting on behalf of the bankruptcy estates of Stream and Technovative, filed a proof of claim in the Debtor's bankruptcy case in the estimated amount of $3,000,000.00 [Claim No. 4-1] for damages incurred by the bankruptcy estates of Stream and Technovative as a result of Debtor's breach of fiduciary duty in his position as founder and CEO of Stream and Technovative.  A copy of the Trustee's proof of claim is attached hereto as Exhibit "B" and incorporated herein.

9. For the reasons set forth herein, the Trustee respectfully submits that confirmation of the Plan should be denied.

III. **OBJECTION TO THE DEBTOR'S CHAPTER 13 PLAN**

10. Pursuant to Section 1325 of the Bankruptcy Code, the Court may not confirm a Chapter 13 Plan that has not been proposed in good faith.  11 U.S.C. § 1325(a)(3).

11. Here, the Plan clearly has not been proposed in good faith as it only proposes to pay out $45,900.00 over the life of the Plan, despite proofs of claim having been filed that currently total nearly ten million dollars ($10,000,000.00).

12. According to the Motion to Dismiss the Debtor's current bankruptcy case filed by the Chapter 13 Trustee [D.I. 42] that Debtor has failed commence or continue making timely payments to the Chapter 13 Trustee as required by Section 1326 of the Bankruptcy Code and has failed to provide a copy of the Federal income tax return required by 11 U.S.C. Section 521(e)(2).

13. Confirmation of the Debtor's Plan should be denied because the value of the property to be distributed under the Plan as of the effective date of the Plan to each allowed unsecured claim is less than the amount that would be paid on such claims if the Debtor's bankruptcy estate were liquidated under Chapter 7 of the Bankruptcy Code according to the Debtor's schedules.

14. Furthermore, the Debtor is not even eligible to be a debtor under Chapter 13 of the Bankruptcy Code. Pursuant to Section 109 of the Bankruptcy Code:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $465,275 and noncontingent, liquidated, secured debts of less than $1,395,875, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $465,275 and noncontingent, liquidated, secured debts of less than $1,395,875 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

15. Here, the Debtor is ineligible to be a debtor under Chapter 13 based upon the total amount of his liquidated non-contingent debts. To date, the proofs of claim filed in this case reflect that the Debtor has unsecured debts in the amount of $9,912,538.55. A copy of the Claims Register is attached hereto as Exhibit "C" and incorporated herein.

16. Additionally, the Debtor's Plan is not confirmable due to his failure to contribute all of his projected disposable income to his Plan payments. Pursuant to Section 1325 of the Bankruptcy Code:

> If the trustee or holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan- … (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1)(B).

17. Here, the Debtor admits under oath in his Schedule J that his disposable income is $3,695.00 per month. Yet, he intends to contribute only $765.00 per month to his plan payments. A copy of Schedule J is attached hereto as Exhibit "D" and incorporated herein.

18. Furthermore, the Plan is not feasible. Debtor reports on his Schedule I that he is currently self-employed. However, he does not account for the payment of any taxes on his income. A copy of Schedule I is attached hereto as Exhibit "E" and incorporated herein. Without knowing the amount of taxes that will be deducted from his income, it is impossible to calculate the accurate amount of the Debtor's disposable income.

19. Under the totality of the circumstances, the Plan was not filed in good faith.

20. For the aforementioned reasons, the Trustee respectfully submits that the Debtor's Plan is not confirmable as it is not feasible and was not proposed in good faith.

21. Therefore, this Court should enter an Order denying confirmation of the Plan.

22. The Trustee reserves all rights to supplement this Objection and with respect to his ability to file further objections in response to plans or reorganization filed by the Debtor in this case.

WHEREFORE, the Trustee hereby requests that this Honorable Court enter the attached form of Order sustaining the objection to the confirmation of the Debtor's Plan and such other relief as is just and equitable.

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Dated: April 17, 2025	By:    */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: 215-665-3066
E-mail: michael.vagnoni@obermayer.com
*Counsel to William A. Homony, in his capacity as*
*Chapter 11 Trustee of the bankruptcy estates of*
*Stream TV Networks, Inc. and Technovative Media Inc.*