IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MATHU RAJAN, | ) | CASE NO. 25-10356 (DJB) |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

**MOTION TO DISMISS CASE WITH PREJUDICE;
OR, IN THE ALTERNATIVE, TO CONVERT TO CHAPTER 7**

Mark L. Bunce, a/k/a Mark Leonard Bunce ("Movant"), hereby files this motion to dismiss case with prejudice; or, in the alternative to convert this case to Chapter 7 of Title 11 U.S.C., pursuant to 11 U.S.C. §§ 105, 109(g), 349, 1307, and 1325, and Fed. R. Bankr. P. 1017, and shows the Court as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

**II.    BACKGROUND**

3. In 2021, Movant was fraudulently induced into loaning more than $1,000,000 to Visual Technology, Inc. ("VTI"), an alter ego of Debtor, Mathu Rajan ("Debtor"), which funds were misappropriated by Debtor.

4. After numerous misrepresentations and unfulfilled promises by Debtor and his agents over the course of two years, Movant had no option but to file a lawsuit, and the parties have been in litigation in the U.S. District Court for the Eastern District of Pennsylvania, Case No. 2:23-cv-01740 (the "District Court Case"), since May 2023.[1]

5. Debtor filed his first Chapter 13 case (Case No. 25-10042-amc) on January 6, 2025, as a litigation tactic approximately twenty-four (24) hours before a scheduled hearing on Movant's motion for summary judgment in the district court case, solely to avoid an adverse ruling.

---

[1] Nothing in this objection and motion waives, releases, or impairs any claim or rights of Movant, all of which claims and rights are expressly reserved and preserved, including, without limitation, the claims asserted in the U.S. District Court for the Eastern District of Pennsylvania, Case No. No. 2:23-cv-01740.

6. About twenty (20) minutes before the Debtor filed his first Chapter 13 case, he also caused VTI, an affiliate entity, to file a Chapter 11 case in the U.S. Bankruptcy Court for the District of Nevada, which case was assigned Case No. 25-10024-abl.

7. The VTI Statement of Financial Affairs, No. 28, reflects that Debtor owns 100% of issued shares, and that he is the President, Secretary, Treasurer, and Director of VTI. The VTI case is pending, and Movant has filed a motion to transfer venue to the Eastern District of Pennsylvania, or, in the alternative, to dismiss. The motion to transfer or dismiss is scheduled for a hearing on May 21, 2025.

8. Debtor's first Chapter 13 case was dismissed on January 27, 2025, due to Debtor's failure to timely file papers required by the court.

9. Debtor filed this Chapter 13 case on January 28, 2025, without a statement of financial affairs, without schedules, and without other documents required under Fed. R. Bankr. P. 1007.

10. Upon information and belief, there was no change in Debtor circumstances between the filing of this case and the first Chapter 13 case.

11. After twice seeking and obtaining an extension of time to file the requisite papers, on March 7, 2025, Debtor filed schedules and statement of financial affairs (Doc 18), and a Chapter 13 plan (Doc 19).

12. In Schedule B, Debtor fails to value shares in certain companies and fails to disclose his percentage ownership in certain companies. (*See* Doc 18, p. 5 of 33).

13. In Schedule F, No. 4.4, Debtor indicates with respect to Movant's claim it is "expected that this claim will be paid through ch11 case (VTI) in NV." (*See* Doc 18, p. 13 of 33). As VTI has no operations, no employees, and no income, and its supposed assets have little or no realizable value, any proposal to pay Movant's claim through the VTI case is infeasible and not in good faith.

14. While the Debtor claims to be self-employed, Debtor's fails to reflect any allocation for taxes in Schedules I & J. (See Doc 18, pp. 18,19 & 20 of 33).

15. As Debtor never sought, nor obtained an order extending the stay as required under 11 U.S.C. § 362(c)((3)(B), on March 27, 2025, Movant filed a Motion under 11 U.S.C. § 362(j) for Order Confirming the Termination of the Automatic Stay (Doc 26). Movant's § 362(j) motion is scheduled for a hearing on April 24, 2025, at 11:00 A.M.

16. On April 3, 2025, Movant filed a proof of claim in the amount of $6,878,435.96. (See Claim 3-2).

17. In response to Movant's § 362(j) motion, on April 11, 2025, Debtor filed an Opposition to Motion under 11 U.S.C. § 362(j) (Doc 33), and an expedited Motion to Reimpose

the Automatic Stay (Doc 35). The Motion to Reimpose is also scheduled for a hearing on April 24, 2025, at 11:00 A.M.

18. According to docket entry 32, the meeting of creditors hearing cannot be held because Debtor has failed to provide (i) tax returns, (ii) business questionnaire, (iii) social security card, and (iv) a driver's license. As of the date of this motion, no meeting of creditors hearing has been held. As such, Debtor is causing unreasonable delay and is willfully failing to prosecute this case.

19. On April 14, 2025, the Chapter 13 Trustee filed one motion to dismiss this case under 11 U.S.C. § 109(e) (Doc 40), and another motion to dismiss due to Debtor's unreasonable delay under 11 U.S.C. § 1307(c)(1), Debtor's failure to make payment(s) as required under 11 U.S.C. § 1326, and Debtor's failure to provide documents and information required under 11 U.S.C. § 521(e)(2) (Doc 42). On April 15, 2025, the Chapter 13 Trustee filed an amended motion to dismiss under 11 U.S.C. § 109(e) (Doc 44). Movant joins in and supports the aforementioned motions to dismiss, provided the dismissal of this case is with prejudice.

20. On April 17, 2025, Movant filed an objection to confirmation (Doc 45).

21. On April 17, 2025, William A. Homony, in his capacity as Chapter 11 Trustee of the bankruptcy estates of Stream TV Networks, Inc. and Technovative Media Inc. filed an objection to confirmation (Doc 46).

22. A hearing on confirmation is presently scheduled for April 24, 2025.

### III. MOTION TO DISMISS WITH PREJUDICE

23. "[T]he court may convert ... or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause ..." 11 U.S.C. § 1307(c).

24. Debtor's plan has not been proposed in good faith and confirmation should be denied under 11 U.S.C. § 1325(a)(3). "Once a party [to a bankruptcy] calls into question a petitioner's good faith, the burden shifts to the petitioner to prove his good faith." *In re Tamecki*, 229 F.3d 205, 207 (3d Cir.2000). "The Bankruptcy Court looks to the totality of the circumstances to determine bad faith, and may consider a wide range of factors, including, 'the nature of the debt ...; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.' " *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007) (*quoting In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996)).

25. To the extent Debtor has failed to deliver all payments due to the Chapter 13 Trustee, Debtor is willfully failing to prosecute this case, and confirmation should be denied.

26. By failing to deliver the requisite financial documents and information to the Chapter 13 Trustee, Debtor has caused unreasonable delay that is prejudicial to creditors, which

is cause for dismissal under 11 U.S.C. § 1307(c)(1), and Debtor is willfully failing to prosecute this case.

27.	The Chapter 13 plan fails to provide for payment of Movant's claim, and confirmation should be denied under 11 U.S.C. §§ 1325(a)(4) and (b), and this case should be dismissed with prejudice.

28.	Upon information and belief, the plan is infeasible and should not be confirmed under 11 U.S.C. § 1325(a)(6), and this case should be dismissed with prejudice.

29.	Upon information and belief, Debtor has failed to file all applicable tax returns, and confirmation should be denied under 11 U.S.C. § 1325(a)(9), and this case should be dismissed with prejudice.

30.	Debtor is not eligible for Chapter 13 under 11 U.S.C. § 109(e).

31.	The Debtor filed his first Chapter 13 case and then this Chapter 13 case solely as a litigation tactic to avoid an adverse ruling in the District Court Case. Debtor then failed to prosecute this case and caused unreasonable delay that is prejudicial to creditors. Debtor's pattern of behavior is abusive, evidences bad faith, contempt for the court, and warrants denial of confirmation and entry of an order dismissing this case with prejudice, making Debtor ineligible for any relief under Title 11 U.S.C. for one (1) year. "Bankruptcy Courts may reasonably find that bad faith exists 'where the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose.'" *In re Myers*, 491 F.3d at 125 (*quoting In re Dami*, 172 B.R. 6, 10 (Bankr. E.D. Pa. 1994)). *See In re Reppert*, 643 B.R. 828, 848 (Bankr. W.D. Pa. 2022) (Chapter 13 case dismissed with prejudice with a two-year bar on filing). Bankruptcy courts "derive from § 105(a) or § 349(a) of the Code ... the power to sanction bad faith serial filers ... by prohibiting further bankruptcy filings for longer periods than the 180 days specified by § 109(g)." *In re LeGree*, 285 B.R. 615, 621 (Bankr.E.D.Pa.2002)(citing *In re Casse*, 198 F.3d 327, 337–338 (2d Cir.1999))(internal quotations omitted).

**IV.	IN THE ALTERNATIVE, THIS CASE SHOULD BE CONVERT TO CHAPTER 7**

32.	For the reasons set forth above, "cause" under 11 U.S.C. § 1307 has been established.

33.	Once "cause" has been established, it is left to the sound discretion of the bankruptcy court to determine whether conversion or dismissal is more appropriate. *See e.g. Blaise v. Wolinsky (In re Blaise)*, 219 B.R. 946, 949–50 (2d Cir. BAP 1998) (citing H.R. Rep. 95–595, at 428 (1977).

34.	If the Court is not inclined to dismiss this case with prejudice, cause exists to convert this case to Chapter 7 of Title 11 U.S.C.

**V.	RESERVATION**

35.	Movant reserves all rights to amend or supplement this motion.

WHEREFORE, Movant respectfully requests that the Court dismiss this case with prejudice, whereby Debtor would be barred from refiling a case under Title 11 U.S.C. for not less than one year; or, convert of this case to Chapter 7 of Title 11 U.S.C. Movant further requests such other and further relief as is just and equitable.

Respectfully submitted this 18th day of April, 2025.

**SMITH KANE HOLMAN, LLC**

*/s/ Nicholas M. Engel*
Nicholas M. Engel, Esquire
112 Moores Mill Road, Suite 300
Malvern, PA 19355
Telephone: (610) 407-7215
Facsimile: (610) 407-7218

*Co-Counsel for Movant Mark L. Bunce*

AND

**MILLER & MARTIN PLLC**

*/s/ Paul M. Alexander*
Paul M. Alexander, *admitted pro hac vice*
Paul.Alexander@millermartin.com
Georgia Bar No. 009003
Michael P. Kohler, admitted *pro hac vice*
Michael.Kohler@millermartin.com Georgia Bar No. 427727
Regions Plaza, Suite 2100\
1180 West Peachtree Street N.W.
Atlanta, Georgia 30309-3407
(404) 962-6100
(404) 962-6300 (Facsimile)

*Co-Counsel for Movant Mark L. Bunce*