IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MATHU RAJAN, | ) | CASE NO. 25-10356 (DJB) |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

**MARK L. BUNCE'S REPLY IN SUPPORT
OF MOTION UNDER 11 U.S.C. § 362(j), AND RESPONSE IN
OPPOSITION TO EXPEDITED MOTION TO REIMPOSE AUTOMATIC
STAY NUNC PRO TUNC PURSUANT TO 11 U.S.C. §§ 362(c)(3)(B) AND 105(a)**

Mark L. Bunce, a/k/a Mark Leonard Bunce ("Mr. Bunce"), hereby files this reply in support of Motion under 11 U.S.C. § 362(j) for Order Confirming the Termination of the Automatic Stay (Doc 26) ("Motion Confirming Termination"), and response in opposition to the Debtor's Expedited Motion to Reimpose Automatic Stay Nunc Pro Tunc Pursuant to 11 U.S.C. §§ 362(c)(3)(B) and 105(a) (Doc 35) (the "Motion to Reimpose"), and shows the Court as follows:

**I.    BACKGROUND**

1. In 2021, Mr. Bunce was fraudulently induced into loaning more than $1,000,000 to Visual Technology, Inc. ("VTI"), an alter ego of Debtor, Mathu Rajan ("Debtor"), which funds were misappropriated by Debtor.

2. After numerous misrepresentations and unfulfilled promises by Debtor and his agents over the course of two years, Mr. Bunce had no option but to file a lawsuit, and the parties have been in litigation in the U.S. District Court for the Eastern District of Pennsylvania, Case No. 2:23-cv-01740 (the "District Court Case"), since May 2023.[1]

3. Debtor filed his first Chapter 13 case (Case No. 25-10042-amc) on January 6, 2025, as a litigation tactic approximately twenty-four (24) hours before a scheduled hearing on Mr. Bunce's motion for summary judgment in the district court case, solely to avoid an adverse ruling.

4. About twenty (20) minutes before the Debtor filed his first Chapter 13 case, he also caused VTI, an affiliate entity, to file a Chapter 11 case in the U.S. Bankruptcy Court for the District of Nevada, which case was assigned Case No. 25-10024-abl.

5. The VTI Statement of Financial Affairs, No. 28, reflects that Debtor owns 100% of issued shares, and that he is the President, Secretary, Treasurer, and Director of VTI. The VTI case is pending, and Mr. Bunce has filed a motion to transfer venue to the Eastern District of

---

[1] Nothing in this reply and response waives, releases, or impairs any claim or rights of Mr. Bunce, all of which claims and rights are expressly reserved and preserved, including, without limitation, the claims asserted in the U.S. District Court for the Eastern District of Pennsylvania, Case No. No. 2:23-cv-01740.

Pennsylvania, or, in the alternative, to dismiss. The motion to transfer or dismiss is scheduled for a hearing on May 21, 2025.

6. Debtor's first Chapter 13 case was dismissed on January 27, 2025, due to Debtor's failure to timely file papers required by the court.

7. Debtor filed this Chapter 13 case on January 28, 2025, without a statement of financial affairs, without schedules, and without other documents required under Fed. R. Bankr. P. 1007.

8. Upon information and belief, there was no change in Debtor's circumstances between the filing of this case and the first Chapter 13 case.

9. On February 10, 2025, Debtor filed his first Motion to Extend Time to File Remaining Schedules and Documents (Doc 9). Debtor's first Motion to Extend made no mention of any medical issues.

10. After the first extension was granted, on February 26, 2025, Debtor filed his second Motion to Extend Time to File Remaining Schedules and Documents (Doc 13). Debtor's second Motion to Extend made no mention of any medical issues.

11. Although Debtor filed other papers in this case within thirty (30) days of the filing of this case, Debtor failed to seek or obtain a continuation of the automatic stay under 11 U.S. C. § 362 (c)(3).

12. Furthermore, within thirty (30) days of the filing of this case, Debtor appeared telephonically and testified at the VTI meeting of creditors hearing on February 6, 2025, which initial hearing lasted approximately one (1) hour and thirty (30) minutes, and on February 24, 2025, which second hearing lasted approximately thirty (30) minutes. *See* genuine copy of the docket for the VTI case (Case No. 25-10024-adl (Bankr. D. Nev.)) as of April 23, 2025, attached hereto as **Exhibit "1"** and incorporated herein, docket entries nos. 3 and 21.

II.   ARGUMENT

13. Debtor has caused unreasonable delay and is willfully failing to prosecute this case, and Debtor's Chapter 13 Plan (Doc 19) is not confirmable for the reasons set forth in the Objections to Confirmation filed on April 17, 2025 (Docs 45 and 47), including, among others, because Debtor failed to provide (i) tax returns, (ii) business questionnaire, (iii) social security card, and (iv) a driver's license. *See* Doc 32.

14. Further, Debtor's case should be dismissed with prejudice for the reasons set forth in Mr. Bunce's Motion to Dismiss Case with Prejudice; or, in the Alternative, to Convert to Chapter 7 filed on April 18, 2025 (Doc 48).

15. In Debtor's Opposition to Motion for Order Confirming Termination of Automatic Stay Under 11 U.S.C. § 326(j), (Doc 33) ("Debtor's Opposition"), Debtor admitted the first three (3) numbered paragraphs of the Motion Confirming Termination. Accordingly, as a matter of law,

2

under 11 U.S.C. §§ 326(c)(3) and (j), Mr. Bunce is entitled to an order confirming that the automatic stay has been terminated. 11 U.S.C. §§ 326(c)(3) and (j).

16. If Debtor had filed a motion for continuation of the automatic stay under 11 U.S.C. § 326(c)(3), Debtor would have had to rebut a presumption of bad faith by presenting clear and convincing evidence to the contrary. 11 U.S.C. § 326(c)(3)(C).

17. While Mr. Bunce is not unsympathetic to the hardships imposed by a serious illness, Debtor's Declaration in Support of Debtor's Opposition (Doc. 33) and Debtor's Declaration in Support of Motion to Reimpose (Doc 35) are vague and ambiguous, and do not sufficiently support the relief requested in the Motion to Reimpose.

18. Debtor has failed to provide clear and convincing evidence rebutting the presumption of bad faith, and should not be permitted to reimpose the automatic stay under 11 U.S.C. § 326(c)(3).

19. In the Motion to Reimpose, Debtor suggests that Mr. Bunce's claims will be "resolved through the VTI Bankruptcy." See Motion to Reimpose ¶11. There is simply no evidence to support this assertion, as VTI is a company lacking operations, with no employees, and little or no cash.

20. Debtor's assertion that VTI has a $30,000,000 claim pending in the U.S. District Court, District of Nevada, is laughable given the fact the subject lawsuit has been pending since April 16, 2024, with no evidence service, and VTI has taken no steps to approve the employment of counsel in the VTI bankruptcy case to prosecute the Nevada district court case. Debtor appears to be trying to whipsaw Mr. Bunce between the VTI bankruptcy case and this case, in an effort to hinder and delay Mr. Bunce for liquidating his claims against Debtor.

21. While the Debtor cites to the case *In re Williams*, 346 B.R. 361 (Bankr. E.D. Pa. 2006) for the proposition that the bankruptcy court has the power to reimpose the stay under 11 U.S.C. §105(a), Debtor completely fails to discuss the factors to be considered by a court when weighing such extraordinary relief. In fact, in denying the debtor in the Willams case injunctive relief the court quoted the Third Circuit and stated that "in order to obtain section 105(a) injunctive relief, the debtor, in accordance with Bankruptcy Rule 7065 and Fed .R. Civ. P. 65, has the burden of demonstrating to the court the following: substantial likelihood of success on the merits, irreparable harm to the movant, harm to the movant outweighs harm to the nonmovant, and injunctive relief would not violate public interest." *In re Williams*, 346 B.R. at 371 (quoting *In re Wedgewood Realty Group, Ltd.*, 878 F.2d 693, 700-01 (3d Cir.1989) (internal quotations omitted). In this case, Debtor has failed to make the requisite showing.

22. Furthermore, Fed. R. Bankr.P. 7001(7) requires that a party seeking injunctive relief in bankruptcy court proceed by commencing an adversary proceeding, and Mr. Bunce objects to any injunctive relief being granted in contravention of Rule 7001.

23. The *In re Curry* case cited in the Motion to Reimpose does not stand for the proposition argued by Debtor. Contrary to the Debtor's position, the court in *Curry* found that 11

U.S.C. § 362(c)(3)(A) terminates the automatic stay as a whole, including as to the Debtor, property of the estate, and property of the Debtor that is not property of the estate. *In re Curry*, 362 B.R. 394, 402 (Bankr. N.D. Ill. 2007).

24. The other cases cited by Debtor in the Motion to Reimpose are inapposite, each dealing with non-debtor, third party injunctions. Further, each of those third-party injunction cases are arguably no longer good law following the Supreme Court's ruling in the *Purdue Pharma* case which reiterated that Section 105(a) alone cannot authorize action without another statutory predicate. *See Harrington v. Purdue Pharma LP*, 144 S. Ct. 2071, 2082, n.2 (2024). Moreover, as stated above, Debtor has failed to make the requisite showing for an injunction and has failed to abide by Fed. R. Bankr.P. 7001(7).

### III.     RESERVATION

25. Mr. Bunce reserves all rights to amend or supplement this motion.

WHEREFORE, Mr. Bunce respectfully requests that Motion Confirming Termination be granted and the Motion to Reimpose be denied. Mr. Bunce further requests such other and further relief as is just and equitable.

Respectfully submitted this 23rd day of April 2025.

| **MILLER & MARTIN PLLC** | **SMITH KANE HOLMAN, LLC** |
|---|---|
| */s/ Paul M. Alexander* | */s/ Nicholas M. Engel* |
| Paul M. Alexander, *admitted pro hac vice* | Nicholas M. Engel, Esquire |
| Paul.Alexander@millermartin.com | 112 Moores Mill Road, Suite 300 |
| Georgia Bar No. 009003 | Malvern, PA 19355 |
| Michael P. Kohler, admitted *pro hac vice* | Telephone:  (610) 407-7215 |
| Michael.Kohler@millermartin.com | Facsimile:  (610) 407-7218 |
| Georgia Bar No. 427727 | |
| Regions Plaza, Suite 2100 1180 | *Co-Counsel for Mark L. Bunce* |
| West Peachtree Street N.W. | |
| Atlanta, Georgia 30309-3407 | |
| (404) 962-6100 | |
| (404) 962-6300 (Facsimile) | |
| | |
| *Co-Counsel for Mark L. Bunce* | |

**CERTIFICATE OF SERVICE**

This is to certify that on the 23rd day of April 2025, I caused to be served a copy of the foregoing **MARK L. BUNCE'S REPLY IN SUPPORT OF MOTION UNDER 11 U.S.C. § 362(j), AND RESPONSE IN OPPOSITION TO EXPEDITED MOTION TO REIMPOSE AUTOMATIC STAY NUNC PRO TUNC PURSUANT TO 11 U.S.C. §§ 362(c)(3)(B) AND 105(a)** by electronic mail to those shown on the Notice of Electronic Filing receipt issued by the Clerk of the Court, including counsel for the Debtor.

*/s/ Nicholas M. Engel*
Nicholas M. Engel, Esquire