**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| Mathu Rajan, | ) | Case No: 25-10356 (DJB) |
|     Debtor | ) | |

---

**DEBTOR'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE
TO QUALIFY UNDER 11 U.S.C. § 109(e)**

NOW COMES the Debtor, Mathu Rajan, by and through the undersigned counsel, and hereby opposes the Motion to Dismiss filed by Kenneth West, the Standing Trustee in this matter, and in support thereof states as follows:

1.    Admitted.

2.    Admitted. By way of further response, the 11 USC 109(e) specifically uses the word "debts" (not claims) to determine eligibility in Chapter 13. 11 USC 101(12) defines a debt as "liability on a claim". This definition implies that not all claims result in debts, especially if there is no personal liability associated with a claim.  With respect to the large claims filed in this case, neither one has been reduced to a judgment and no personal liability for these claims has been adjudicated. (*In re Scotto-DiClemente*, 463 B.R. 308 (Bankr. D.N.J. 2012), the court noted that a claim does not necessarily equate to a debt if there is no personal liability attached to the claim.)

3.    Admitted in Part. Denied in Part.  It is admitted that some disputed liquidated debts are included in the debt limit analysis. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at the time of hearing if deemed relevant.  By way of further response, only certain liquidated debts that are disputed are included in the debt limit analysis. To the extent that a liquidated debt is also a contingent debt, it would not be included in the debt limit analysis. In pertinent part, 11 U.S.C. § 109(e)

provides:  Only an individual with regular income that owes, on the date of the filing of the petition, *noncontingent (emphasis added),* liquidated, unsecured *debts* (emphasis added) of less than $465,275…may be a debtor under chapter 13 of this title. Any inference that Debtor's debt is liquidated is denied. In the case at hand, for the large proof of claims filed, personal liability has not been established.

4.    DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. By way of further response, "*it is generally agreed that a debt is contingent if it does not become an obligation until the occurrence of a future event* but is noncontingent when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy. (emphasis added)" In re Mazzeo, 131 F.3d 295, 303 (2nd Cir. 1997); see also In re Singh, 588 B.R. 136, 139 (Bankr. E.D.N.Y 2018). In the case at hand, with respect to the large proof of claims filed, both are contingent upon a ruling as to personal liability.

5.    DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. By way of further response, the case at hand is distinguishable from Verdunn which involved debts owed for taxes. For tax liabilities, whether the debtor has a tax debt because he had not yet filed his tax returns or because he had not paid his taxes prior to filing, the obligation is already fixed to the debtor at the time he files; no future event is required.  In re Hutchens, 69 B.R. 806, 811 (Bankr. E.D. Tenn. 1987) (holding that the debtor's tax liability for back taxes was noncontingent since his liability had been calculated and assessed by the IRS before filing his Chapter 13 petition). In the case at hand, personal liability for the large claims has not been established.

6.   DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. By way of further response, all cases cited refer to tax debts owed in which liability is established prior to filing.  The case at hand is distinguishable from tax cases since personal liability is not established. See Answer in Paragraph 2 distinguishing "claims" from "debts".  In the case at hand, personal liability for the large claims has not been established.

7.   ADMITTED.

8.   DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. By way of further response, Debtor specifically denies to the reference of "debts" being $9,912,538.55 as liability to the two large claims have not been established. See answer to Paragraph 2.

9.   DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. By way of further response, it is Debtor's intention to file timely objections to the large claims.

**Alternative Relief – Right to Convert**

If the Court finds Debtor does not qualify under Chapter 13, the Debtor respectfully requests the opportunity to file motions to convert this case to Chapter 11 pursuant to 11 U.S.C. § 1307(d), rather than dismissal.

WHEREFORE, Debtor respectfully requests that this Honorable Court:

1.   **Deny the Motion to Dismiss** under 11 U.S.C. § 109(e);

2.   **Exclude unliquidated or contingent claims** from the eligibility calculation;

3.  In the alternative, permit **conversion to Chapter 11** if the Court finds the Debtor

    ineligible under Chapter 13; and

4.  Grant such other and further relief as is just and proper.

Dated: 4/28/25

Respectfully submitted,

/s/ Matthew B. Weisberg, Esq.

---

**Matthew B Weisberg, Esq.**

Attorney for Debtor
Weisberg Law

7 S. Morton Ave.

Morton, Pa 19070
610-690-0801
mweisberg@weisberglawoffices.com
Bar ID: 85570