**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| Mathu Rajan, | ) | Case No: 25-10356 (DJB) |
| Debtor | ) | |

**PREFACE TO ANSWER**

The Debtor has filed a request to voluntarily dismiss this chapter 13 bankruptcy case under 11 U.S.C. Sec. 1307(b) which provides that "on request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Out of an abundance of caution, Debtor files this response to the Motion to Dismiss filed by Mark L. Bunce.

**DEBTOR'S RESPONSE IN OPPOSITION TO THE**

**MOTION TO DISMISS FILED BY MARK L. BUNCE**

NOW COMES the Debtor, Mathu Rajan, by and through the undersigned counsel, and hereby opposes the Motion to Dismiss filed by Mark L. Bunce in this matter, and in support thereof states as follows:

1. Admitted.

2. Admitted.

3. DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.

4. Admitted in part. Denied in part. It is admitted that Movant filed a lawsuit against the Debtor in the Eastern District of PA. The remainder of the paragraph is denied as conclusions of law to which no response is required. To the extent that Movant claims to have no other choices but to file a lawsuit, After reasonable investigation answering Debtor is without knowledge sufficient to form a belief as to the truth of the averments.

5. Admitted in part. Denied in part. It is admitted that Debtor filed a Chapter 13 case on January 6, 2025 under Chapter 13. Debtor denies the remainder of the allegations in paragraph 5 as it is based upon legal conclusions, speculation and conjecture. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, Debtor filed this bankruptcy case to repay his unsecured creditors 100% as evidenced by his Chapter 13 plan. See Docket # 19, Chapter 13 Plan. It was Debtor's presumption that Mr. Bunce's claim would be paid 100% in VTI's Chapter 11 case. See Docket # 18, Schedule F (page 13). By way of further response, the "single-satisfaction rule" is designed to "prevent a single plaintiff from recovering its damages several times over from multiple defendants." *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 241 (2d Cir. 1999); *accord Freeland v. Enodis Corp.*, 540 F.3d 721, 740 (7th Cir. 2008). Additionally, Debtor intends to file objections to claims 3 (Bunce) and 4 (Homony).

6. Admitted in part. Denied in part. It is admitted that VTI filed a Chapter 11 bankruptcy case under case number 25-10024 at or around the same time as Debtor's first bankruptcy case was filed. Any reference to VTI as an affiliate company is denied as a conclusion of law to which no response is required.

7. Admitted.

8. Admitted.

9. Admitted. By way of further response, due to Debtor's illness, he had a difficult time gathering the necessary documents needed to complete the schedules. Debtor filed timely extensions and ultimately the completed schedules were filed within the requisite timelines.

10. Denied. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, the first case was dismissed for failure to file documents. In the instant case, all required documents were filed.

11. Admitted.

12. Admitted in part. Denied in part. It is admitted that Schedule B fails to value the shares in certain companies. By way of further response, since these companies are not publicly traded, and being that two of the companies are in Chapter 11 bankruptcy, it is difficult to present a value of the shares. Therefore, the values of the shares in some of the companies are listed in Schedule B as unknown. Furthermore, it is the intention of the Debtor to pay his unsecured creditors 100%. Whatever the value of those shares, it would not impact the plan – it would still be 100% to unsecured creditors. It was the presumption that Mr. Bunce's claim will be paid 100% in VTI's Chapter 11 case. The "single-satisfaction rule" is designed to "prevent a single plaintiff from recovering its damages several times over from multiple defendants." *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 241 (2d Cir. 1999); *accord Freeland v. Enodis Corp.*, 540 F.3d 721, 740 (7th Cir. 2008). It is admitted that Schedule B does not list the percentage of ownership in certain companies; however, it does list the number of the shares owned by the Debtor.

13. Admitted in part. Denied in part. It is admitted that Debtor indicates in Schedule F that Movant's claim is expected to be paid through the VTI Chapter 11 case. The

        "single-satisfaction rule" is designed to "prevent a single plaintiff from recovering its damages several times over from multiple defendants." *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 241 (2d Cir. 1999); *accord Freeland v. Enodis Corp.*, 540 F.3d 721, 740 (7th Cir. 2008). The remainder of the paragraph is denied as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, it is expected that a Chapter 11 plan will be filed soon to repay Movant 100% of the amount he is owed from the contracts between VTI and Movant.

14. Admitted. By way of explanation, failure to allocate estimated taxes within schedule J was an oversight. Schedule J will be amended to correct the schedule. The taxes owed and paid for the year 2024 will be used to estimate the amount of monthly expenses needed to cover future years. The plan will continue to be feasible for 100% payments to valid claims. Debtor is preparing to file objections to claims numbers 3 and 4 as liability has not been established in either claim. In addition, these claims are complex, contingent, unliquidated claims that are more appropriate to be determined through an adversary proceeding.

15. Admitted.

16. Admitted. By way of further response, Debtor is preparing an objection to this claim.

17. Admitted.

18. Admitted in part. Denied in part. It is admitted that the meeting of creditors could not be held due to missing documents. It is denied that many of the documents requested have not been provided to the Trustee. By way of further response, Debtor has

provided the following documents to the Trustee: 2023 tax return, 2024 tax return, drivers license, proof of social security number, bank statement, proof of car value, and 401k statement.

19. Admitted in part. Denied in part. It is admitted that the Trustee has filed two motions. By way of further response, the Debtor has filed a response to the Motion to Dismiss with respect to 109(e) which is scheduled to be heard on May 15, 2025. The Debtor has filed a request to voluntarily dismiss his case on May 1, 2025 pursuant to 11 USC 1307(b). The remainder of the paragraph is denied as Debtor is without knowledge sufficient to form a belief as to the truth of the averments contained in the remainder of the paragraph.

20. Admitted.

21. Admitted.

22. Denied. The hearing is scheduled for May 15, 2025. By way of further response, the Debtor has filed a request to voluntarily dismiss his case on May 1, 2025 pursuant to 11 USC 1307(b).

23. Admitted. By way of further response, the Debtor has filed a praecipe to voluntarily dismiss his case on May 1, 2025 pursuant to 11 USC 1307(b).

24. Denied. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, 11 USC 1325(a)(3) provides that the plan must be "proposed in good faith". At the time of the filing of the plan, it was Debtor's intention to repay unsecured creditors 100%. See Exhibit A. Debtor was unaware of claim 4 (Homony) and expected that the VTI Chapter 11 case

would pay claim 3 (Bunce) 100%. Debtor has demonstrated good faith in this in case in that he, among other things, paid filing fees timely, filed documents timely, filed a plan for 100% to unsecured creditors, has made payments to the Trustee in accordance with the plan, and has provided documents to the Trustee in preparation for a meeting of creditors. By way of further response, the Debtor has filed a praecipe to voluntarily dismiss his case on May 1, 2025 pursuant to 11 USC 1307(b).

25. Denied. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, Debtor has submitted payments through www.tfsbillpay.com to bring his account with the Trustee current through April 2025. By way of further response, the Debtor has filed a Praecipe to Voluntarily Dismiss his case on May 1, 2025 pursuant to 11 USC 1307(b).

26. Denied. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, Debtor has provided the following documents to the Trustee in anticipation of a future meeting of creditors: 2023 tax return, 2024 tax return, drivers license, proof of social security number, bank statement, proof of car value, and 401k statement. By way of further response, the Debtor has filed a request to voluntarily dismiss his case on May 1, 2025 pursuant to 11 USC 1307(b).

27. Denied. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, it was Debtor's

presumption at the time of the filing of the plan that Mr. Bunce's claim would be paid 100% in VTI's Chapter 11 case. The "single-satisfaction rule" is designed to "prevent a single plaintiff from recovering its damages several times over from multiple defendants." *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 241 (2d Cir. 1999); *accord Freeland v. Enodis Corp.*, 540 F.3d 721, 740 (7th Cir. 2008). Additionally, Debtor intends to file an objection to the claim filed by Movant as liability has not been established. In addition, Movant's claim is complex, contingent, unliquidated and ise more appropriate to be determined through an adversary proceeding. If the objection is sustained, then the claim will not be the responsibility of the Debtor. By way of further response, the Debtor has filed a request to voluntarily dismiss his case on May 1, 2025 pursuant to 11 USC 1307(b).

28. Denied. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. See response to paragraph 27.

29. Denied. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, Debtor has filed tax returns through and including 2024.

30. Denied. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, a hearing on whether or not Debtor is eligible for Chapter 13 with respect to 11 USC 109(e) is scheduled to

        be heard on May 15, 2025. By way of further response, the Debtor has filed a request to voluntarily dismiss his case on May 1, 2025 pursuant to 11 USC 1307(b).

31.    Admitted in part. Denied in part. It is admitted that Debtor filed one prior bankruptcy case that was dismissed for failure to file documents. Answering Debtor denies the allegations contained in the remainder of this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, Debtor filed this bankruptcy case to repay his unsecured creditors 100% as evidenced by his Chapter 13 plan. See Docket # 19, Chapter 13 Plan. It was the presumption at the time of filing that Mr. Bunce's claim would be paid 100% in VTI's Chapter 11 case. A true and correct copy of Debtor's Schedule F is attached hereto as Exhibit B. By way of further response, the "single-satisfaction rule" is designed to "prevent a single plaintiff from recovering its damages several times over from multiple defendants." *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 241 (2d Cir. 1999); *accord Freeland v. Enodis Corp.*, 540 F.3d 721, 740 (7th Cir. 2008). Additionally, Debtor intends to file an objection to claims 3 (Bunce) and 4 (Homony) as liability has not been established in either claim. In addition, these claims are complex, contingent, unliquidated claims that are more appropriate to be determined through an adversary proceeding. If these objections are sustained, Debtor's plan will be feasible. By way of further response, Debtor has filed a request to voluntarily dismiss the bankruptcy case. Once this case is dismissed, any new bankruptcy filings within one year from the dismissal of the first case will already have no automatic stay in effect in accordance with 11 USC 362 (c)(4).

32. Denied. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.

33. Denied. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, Debtor has filed a request to voluntarily dismiss this bankruptcy case under 11 U.S.C. Sec. 1307(b) which provides that "on request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable."

34. Denied. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant. By way of further response, Debtor has filed a request to voluntarily dismiss this bankruptcy case under 11 U.S.C. Sec. 1307(b) which provides that "on request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable."

35. No response required.

WHEREFORE, Debtor respectfully requests that this Honorable Court deny Movant's Motion to Dismiss with Prejudice or, in the alternative, convert to chapter 7.

Dated: 5/2/2025

Respectfully submitted,

/s/ Matthew Weisberg, Esquire

---

**Matthew Weisberg, Esquire**
Attorney for Debtor
Weisberg Law
610-690-0801
7 S. Morton Avenue
Morton, PA 19070
mweisberg@weisbertlawoffices.com
Bar ID 85570