IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MATHU RAJAN, | ) | CASE NO. 25-10356 (DJB) |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

**MARK BUNCE'S (1) OBJECTION TO DEBTOR'S PRAECIPE
FOR VOLUNTARY DISMISSAL OF CASE, (2) REQUEST FOR A HEARING ON
DEBTOR'S REQUEST FOR DISMISSAL, AND (3) REQUEST FOR RELATED RELIEF**

Mark L. Bunce, a/k/a Mark Leonard Bunce ("Bunce"), hereby objects to the Debtor's Praecipe for Voluntary Dismissal of Case (*Dkt. No. 58*) (the "Praecipe to Dismiss"), requests a hearing on the Praecipe to Dismiss and Bunce's Objection thereto, and to reschedule another pending motion to dismiss for the same hearing date and time, and in support thereof avers as follows:

1. Bunce is a creditor of the Debtor.

2. The Debtor fraudulently induced Bunce into loaning more than $1,000,000 to an entity that was in fact an alter ego of the Debtor, which funds were misappropriated by the Debtor.

3. Debtor filed this Chapter 13 case on January 28, 2025.

4. This is the Debtor's second Chapter 13 case filed in 2025—his first Chapter 13 case (Case No. 25-10042-amc) being dismissed on January 27, 2025, due to Debtor's failure to timely file papers required by the court.

5. Bunce has objected to confirmation of the Debtor's Chapter 13 plan on multiple grounds in this case (see *Dkt. No. 45*), including that the plan has been proposed in bad faith.

6. Bunce has also filed a Motion to Dismiss the Debtor's Chapter 13 case, in which Bunce has requested that the court find that the Debtor has acted in bad faith and bar the Debtor from refiling any additional bankruptcy cases for one year. (See *Dkt. No. 48*).[1]

7. Bunce's Motion to Dismiss is presently scheduled for a hearing on May 15, 2025, at 11:00 a.m.

8. The Chapter 13 Trustee has also filed a Motion to Dismiss the Debtor's Chapter 13 case (*Dkt. No. 44*), and the hearing on this motion is presently scheduled for May 15, 2025, at 9:30 a.m.

9. On May 1, 2025, the Debtor filed his Praecipe to Dismiss, stating "[t]he automatic stay has been terminated, and [the Debtor] no longer wishes to be in bankruptcy."

10. The Debtor's request for voluntary dismissal via *praecipe* is improper. Local Rule 1017-2(a) requires that a request for voluntary dismissal under § 1307(b) be made by *motion*.

11. A debtor's motion for voluntary dismissal under § 1307(b) is governed by Local Rule 9014-2, which provides that the court may (but is not required to) rule on such motion without a hearing.

12. Bunce objects to voluntary dismissal of the Debtor's Chapter 13 case insofar as, if granted prior to a hearing, summary dismissal would prevent Bunce from being heard on his requested bar against refiling due to the Debtor's bad faith. Upon information and belief, this is precisely why the Debtor has elected to proceed in this fashion.

13. Accordingly, Bunce requests that the court schedule a hearing on the Praecipe to Dismiss for the same date/time that Bunce's Motion to Dismiss is scheduled: <u>May 15, 2025, at 11:00 a.m.</u>

---

[1] The history of the Debtor's bad faith conduct towards Bunce and in his bankruptcy cases is set forth more fully in Bunce's Objection to Confirmation (*Dkt. No. 45*) and Motion to Dismiss (*Dkt. No. 48*).

2

14. Bunce further requests that the court refrain from entering an order dismissing the Debtor's Chapter 13 case until Bunce can be heard at the May 15 hearing on his Motion to Dismiss, where Bunce will present argument and evidence in support of a refiling bar.

15. Bunce also suggests that, for purposes of efficiency and to preserve Bunce's desire to be heard on the topic of a bar should the within bankruptcy case be dismissed, the hearing on the Chapter 13 Trustee's Motion to Dismiss also be rescheduled for May 15, 2025, at 11:00 a.m.

WHEREFORE, through this Objection, Bunce respectfully requests that the Court: (1) refrain from entering an order dismissing the Debtor's Chapter 13 case without a hearing; (2) enter the attached proposed order scheduling the Debtor's Praecipe for Voluntary Dismissal of Case and Bunce's within Objection for hearing on May 15, 2025, at 11:00 a.m.; and (3) reschedule the hearing on Chapter 13 Trustee's Motion to Dismiss to the same date and time. Bunce further requests such other and further relief as is just and equitable.

Respectfully submitted this 2nd day of May 2025.

| **MILLER & MARTIN PLLC** | **SMITH KANE HOLMAN, LLC** |
|---|---|
| /s/ Paul M. Alexander | /s/ Nicholas M. Engel |
| Paul M. Alexander, *admitted pro hac vice* | Nicholas M. Engel, Esquire |
| Paul.Alexander@millermartin.com | 112 Moores Mill Road, Suite 300 |
| Georgia Bar No. 009003 | Malvern, PA 19355 |
| Michael P. Kohler, admitted *pro hac vice* | Telephone: (610) 407-7215 |
| Michael.Kohler@millermartin.com Georgia Bar No. 427727 | Facsimile: (610) 407-7218 |
| Regions Plaza, Suite 2100\ | *Co-Counsel for Mark L. Bunce* |
| 1180 West Peachtree Street N.W. | |
| Atlanta, Georgia 30309-3407 | |
| (404) 962-6100 | |
| (404) 962-6300 (Facsimile) | |
| | |
| *Co-Counsel for Mark L. Bunce* | |