**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : Chapter 13 |
| | : |
| **MATHU RAJAN** | : |
| | : |
| **Debtor** | : Bankruptcy No. 25-10356 DJB |

**DEBTOR'S RESPONSE TO OBJECTION TO**
**REQUEST TO VOLUNTARILY DISMISS CASE**

**TO THE HONORABLE DEREK J. BAKER, US BANKRUPTCY JUDGE:**

Debtor, **Mathu Rajan,** by and through his attorney, **MATTHEW WEISBERG, ESQUIRE,** respectfully represents the following:

**I.     BACKGROUND**

1. Debtor, **Mathu Rajan,** filed for Chapter 13 bankruptcy relief on or about December 20, 2024.

2. Debtor had one prior bankruptcy case (Case No. 25-10042) dismissed within one year of the current filing. This case was dismissed for failure to file documents.

3. In the instant case, Debtor filed all required schedules. Debtor proposed a Chapter 13 plan to pay creditors 100%.

4. Unexpected claims were filed in excess of the Chapter 13 debt limit causing a motion to dismiss to be filed by the Trustee. Debtor has requested a voluntary dismissal.

5. The Trustee also filed a Motion to Dismiss the case due to payments and failure to produce documents necessary for the 341 meeting of creditors. Prior to requesting voluntary dismissal, Debtor provided many of the documents needed by the Trustee and had initiated payments to the Trustee in accordance with his filed plan.

6. In the instant case, the automatic stay was terminated as confirmed after a hearing before this Court on April 24, 2025.

7. Thereafter, Debtor filed a request through praecipe to voluntarily dismiss his bankruptcy case in accordance with 11 U.S.C Sec 1307(b). It is customary in this

       district to file this type of request through praecipe (it is set up in the ECF system to be filed as a praecipe). Debtor respectfully requests that the court treat the praecipe as a motion. Service of Debtor's request to voluntarily dismiss the case was made to all creditors.

8. This case has not been converted under 11 U.S.C. Sec. 706, 1112, 1307 or 1208.

## II.    ARGUMENT

9. 11 U.S.C. Sec. 1307(b) provides that "on request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court **shall** dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." Emphasis added.

10. The use of the word "shall" in 11 USC 1307(b) leaves no discretion on the court to proceed in any way other than to dismiss the case.

11. "The statute affords the bankruptcy court no discretion. The plain and unambiguous language of § 1307(b) compels the Court to grant the Motion to Dismiss." In Re Fulayter, 615 B.R. 808, 815-16. See also In re Merritt, 39 B.R. 462, 465 (Bankr.E.D.Pa.1984) ("We agree with the weight of authority that the right of dismissal is absolute."). See also, In re Marinari, 610 B.R. 87 (Bankr.E.D Pa. 2019) (Debtor has an absolute right to a voluntary dismissal under § 1307(b))

12. "Section 1307(b) does not require a debtor seeking dismissal to give any reason, explain any motive, or show any facts. Further, it sets no temporal limitations. All a debtor has to do under the statute is make a "request" to dismiss, and the request can be made "at any time."" See In re Fulayter at 815.

13. 11 USC § 1307(b) "does not make any exception to "any time" based on whether another motion is pending in the case, even if that motion alleges bad faith conduct by the debtor and requests conversion." In re Fulatyer at 822.

14. 11 USC § 1307(b) accords debtors an unlimited right to dismissal of unconverted Chapter 13 cases, and that right is not limited by judicial discretion or other provisions of the Bankruptcy Code. In re Williams, **435 B.R. 552, 560.**

       **WHEREFORE,** Debtor prays for relief in accordance with Chapter 13 of the

Bankruptcy Code and requests that his Chapter 13 bankruptcy case be dismissed voluntarily.

Respectfully submitted,

      **/s/ Matthew Weisberg**
**MATTHEW WEISBERG, ESQUIRE**
Attorney for Debtor